Filed 10/11/24  P. v. Williams CA4/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TONY EUGENE WILLIAMS,<br><br>        Defendant and Appellant. | E083205<br><br>(Super.Ct.No. BAF1100297)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Dismissed.

Tony Eugene Williams, in pro. per.; and Jo Pastore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Tony Eugene Williams appeals the denial of his Penal Code section 1172.75[1] petition. After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Williams filed his own supplemental brief. We dismiss.

BACKGROUND

In December 2011 the prosecution charged Williams with two counts of robbery (§ 211) and one count of being a felon in possession of a firearm (§ 12021, subd. (a)(1)). The prosecution also alleged firearm use enhancements in connection with counts 1 and 2. (§§ 12022.53, subd. (b), 1192.7, subd. (c)(8).) Finally, the prosecution alleged three prior prison offenses as defined under section 667.5, subdivision (b), three serious prior offenses under section 667, subdivision (a), and three special prior offenses under section 667, subdivisions (c) and (e)(2)(A), and section 1170.12, subdivision (c)(2)(A).

A jury convicted Williams of the three primary counts. It is unclear from the record before us whether the jury made any finding on the enhancements. However, the trial court imposed sentences for the firearm use enhancements connected to counts 1 and 2, and it imposed five-year sentences for three of the alleged priors. In total, the court imposed an indeterminate term of 50 years to life, though the record does not disclose exactly how the court arrived at this aggregate sentence.

In August 2023, Williams petitioned for resentencing under section 1172.75. The court denied this petition in that same month. Williams then sent multiple ex parte

_____

[1] Unlabeled statutory citations refer to the Penal Code.

communications to the trial court requesting updates on the status of his petition, and each time the court took no action or denied the request.

Williams filed his notice of appeal either in January or February 2024. The notice is file-stamped February 5, 2024, and Williams's signature on the notice is dated January 31, 2024. However, the clerk's notification of filing states that the notice of appeal was filed on January 5, 2024.

ANALYSIS

On Williams's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant has no constitutional right to independent review under *Anders/Wende*.[2] (*Delgadillo*, *supra*, 14 Cal.5th at pp. 227, 231.) Nevertheless, the appellate court is to inform the defendant that he may personally file a supplemental brief, and "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid.*) "If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter." (*Ibid.*) Here, after appellate counsel filed a brief notifying us

_____

[2] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

Williams's appeal presented no arguable issues, we offered Williams an opportunity to file a personal supplemental brief, and he did.

There are multiple reasons why this appeal cannot be meritorious. First, it appears the appeal is not timely. Under California Rules of Court, rule 8.406, "a notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed." The trial court denied Williams's petition in August 2023, but his notice of appeal was filed *at the earliest* in January 2024, well beyond the 60-day deadline to appeal an order from August 2023. Williams's notice of appeal claims he is appealing an order from December 1, 2023. However, the court's December 1, 2023 order responded to Williams's correspondence in November 2023, which he sent after the court had already considered and denied the petition.

Nor would we be able to consider Williams's appeal if it was timely. "[S]ection 1172.75 does not authorize appellants to file a petition or a motion to strike the unauthorized enhancements." (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 447-448 (*Escobedo*).) "[T]he Legislature provided an express system for the orderly implementation of relief for affected defendants to receive the benefit of the amended law in a timely manner. Under this express procedure, any review and verification by the [trial] court in advance of resentencing is only triggered by receipt of the necessary information from the [California Department of Corrections and Rehabilitation (CDCR)] Secretary or a county correctional administrator, not by any individual defendant. [Citation.] Thus, section 1172.75 simply does not contemplate resentencing relief

4

initiated by any individual defendant's petition or motion." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384 (*Burgess*).) When a defendant appeals the denial of such a motion, the appropriate remedy is to dismiss. (See *id.* at p. 385; see also *Escobedo*, at p. 452.)[3]

Finally, even if we were able to consider Williams's appeal on the merits, section 1172.75 would offer him no relief. Section 1172.75 invalidates prior prison term enhancements imposed under section 667.5, subdivision (b), before January 1, 2020, and permits courts to resentence defendants serving terms that include such enhancements. As far as we can infer from the record we have, Williams's sentence includes no prior prison term enhancement. Aside from the indeterminate terms for the principal charges, the trial court imposed sentences for the firearm use enhancements under section 12022.53, subdivision (b), and five years each for the unspecified priors. Section 667, subdivision (a), requires "[a] person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction." Section 667.5, subdivision (b), on the other hand, previously "required trial courts to impose a *one-year* sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term." (*Escobedo*, *supra*,

---

[3] Other cases have held that a court may consider an unauthorized motion on its merits if the CDCR has notified the court the defendant is eligible for relief. (See *People v. Cota* (2023) 97 Cal.App.5th 318, 333 [disagreeing "with *Escobedo* to the extent that case suggests that a court lacks jurisdiction to resentence a defendant who has been identified by the [CDCR] as eligible for resentencing pursuant to section 1172.75 simply because that defendant also has filed a motion for such relief"].) Those cases do not apply here, as Williams is categorically ineligible for relief.

95 Cal.App.5th at p. 445, italics added.)  Because Williams did not receive any one-year terms for his prior convictions, we can safely conclude he was not sentenced under section 667.5, subdivision (b), and thus section 1172.75 offers him no relief.

Williams argues the ambiguity in his sentence nevertheless entitles him to relief. According to Williams, because the record is unclear about what happened to the alleged enhancements under section 667.5, subdivision (b), he remains in jeopardy of having a sentence imposed for those allegations and is thus entitled to recall and resentencing now. But even though the record as it exists before us does not disclose what happened with every enhancement allegation, he is still not eligible for resentencing until and unless he is serving a sentence containing these invalid terms.  Indeed, Williams faces no continuing jeopardy precisely because these terms are now unauthorized and could not be imposed.

Because Williams's appeal was untimely, he was not authorized to bring a petition under section 1172.75, and was not eligible for relief even if he could, he is not authorized to appeal from the denial of his petition.  Therefore, we dismiss.

## DISPOSITION

We dismiss the appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

MILLER _____
Acting P. J.

MENETREZ _____
J.